IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK J. CHAREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:12-cv-428-MEF-SRW |
| | ) | (WO) |
| KENNETH JONES, Warden, STEPHEN | ) | |
| WALKER, Chaplain, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Patrick Charest, a prisoner at Bullock Correctional Facility, has filed a complaint that contains what this Court construes as a motion for a temporary restraining order. (Doc. # 1.) Charest alleges that the Alabama Department of Corrections (ADOC) invited a number of Christian chaplains to come speak to the prisoners housed at Bullock. According to Charest, instead of giving the prisoners the option of attending the event, the prison guards packed the inmates into the prison's gymnasium and forced them to listen to the religious speakers. Charest, a Jehovah's Witness, says he found this deeply offensive, and he alleges that forcing him to sit through the program violated his constitutional rights. Hence the § 1983 action he has filed.

As for the temporary restraining order alluded to at the outset, the last line of Charest's complaint asks "for immediate protection" from retaliation by the ADOC. From as best the Court can tell, Charest believes the guards at Bullock will retaliate

against him for filing his complaint, and so he wants a prophylactic order guarding against this potential harm. Out of an abundance of caution, the Court will also construe his complaint as asking for an order barring prison officials from forcing him to sit through similar prison-sponsored religious gatherings in the future. Because Charest brings suit as a pro se litigant, the Court must construe his complaint liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Thus, the portion of his action construed as requesting a temporary restraining order will be treated under the Federal Rules of Civil Procedure as a Rule 65(b) motion for a temporary restraining order.

Rule 65 restricts a court's ability to grant a temporary injunctive relief. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[1] A temporary restraining order is "an extraordinary and drastic remedy not to be

---

[1] Rule 65 also has a procedural component. But since Charest cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues. *See Moore v. Bentley*, 12-cv-62, 2012 WL 204163, at *1 n.2 (M.D. Ala. Jan. 24, 2012).

granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

Here, Charest has failed to shoulder his weighty burden. His failure to allege that the prison will cause him any imminent harm dooms his claim as he cannot show that he will suffer irreparable injury unless an injunction issues. Moreover, even if this Court granted the requested relief, "it would be impossible to administer because [he] is seeking a restraining order against alleged future retaliation." *Bieros v. Nicola*, 857 F. Supp. 445 (E.D. Pa. 1994). Granting relief would thus require crafting an order preventing "persons from doing something that is entirely speculative in nature," *id.*, given that the named defendants have neither made retaliatory threats nor scheduled another religious ceremony similar to the one of which Charest complains. Accordingly, Charest's Motion for a Temporary Restraining Order (Doc. # 1) is DENIED. It is further ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

Done this the 16th day of May, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE